FILED'09 JUL 06 1452USDC-ORN

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

WILLIAM PATRICK,

                    Plaintiff,

      v.

ROGER MEADER of COOS CURRY
ELECTRIC, &
DAN McKinney

              Defendants.

Case Number  CV 09-3006-CL

**REPORT & RECOMMENDATION**

Clarke, Magistrate Judge:

      Plaintiff William Patrick ("Plaintiff") filed a complaint against defendants Roger Meader and Dan McKinney[1] of Coos Curry Electric ("Defendants").  Plaintiff alleges Defendants deprived him of his civil rights under 42 U.S.C. §§ 1983 and 1985.  Defendants filed this motion to dismiss for, among other things, failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure § 12(b).  The court recommends that the Motion to Dismiss (#3) be granted.

---

      [1] Plaintiff spells defendant's name as Dan McKinny while Defendants spell it Dan McKinney.  The court defers to Defendants' spelling.

REPORT & RECOMMENDATION  -  1

## I.    Background

Plaintiff states he purchased a lot of land in 1993.  (Compl. ¶ 6.)  He claims Defendants,

Meader and McKinney, filed a claim in 2008 alleging "a mistake was made in 1957."  (Compl. ¶

7.)  Defendants counter that Coos-Curry Electric Cooperative ("Coos-Curry") sued the Plaintiff,

not defendants Meader and McKinney.  (Mot. to Dismiss ¶ 2.)

According to the Curry County Circuit Decision, Coos-Curry Elec. Coop. Inc., v. Patrick,

07CV0510CC, Anderson Logging conveyed an easement to Coos-Curry but incorrectly

identified the property on May 5, 1957.  (Mot. to Dismiss Ex. A, 5.)  After Plaintiff purchased

the property in 1993, he refused to allow Coos-Curry to use the easement.  (Mot. to Dismiss Ex.

A, 5.)  In 2007, Coos-Curry filed a claim seeking to reform the deed, establish an express

easement or easement by prescription, and obtain an injunction to prevent Plaintiff from

interfering with Coos-Curry's use of the easement.  (Mot. to Dismiss Ex. A, 5-7.)  The  Curry

County Circuit Court granted Coos-Curry's claim for relief on May 7, 2008 for reformation of the

deed, declaratory judgment for easement by prescription, and an injunction preventing Plaintiff

from interfering with the easement.  (Mot. to Dismiss Ex. A, 1-2.)

Plaintiff argues that Or. Rev. Stat. § 12.140 "protects my lot with a statute of limitation"

from the Defendants' claim.  (Compl. ¶ 6.)  Defendants allegedly disregarded the statute of

limitations, depriving Plaintiff of his federally protected rights.  (Compl. ¶ 7.)  Plaintiff seeks

damages under 42 U.S.C. § 1983 for violation of his civil rights and § 1985 for conspiracy to

interfere with civil rights.  (Compl. ¶ 2.)

## II.    Legal Standards

On a motion to dismiss, the court must review the sufficiency of the complaint.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A complaint or a claim in a complaint may be dismissed as a matter of law for two reasons:  (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).  All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  American Family Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

A motion to dismiss under Rule 12(b)(1) will be granted when the Plaintiff has not alleged facts to support a claim "arising under the Constitution, the laws or treaties of the United States."  28 U.S.C. § 1331.  "A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.,* if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'"  Arbaugh v. Y.H. Corp., 546 U.S. 500, 513, n. 10, 126 S.Ct. 1235 (2006) (citing Bell v. Hood, 327 U.S. 678, 682-83, 66 S. Ct. 773 (1946)).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007) (internal quotation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ."  Id. (citations and internal quotations omitted).  A plaintiff must plead "sufficient fact[s], accepted as true, to 'state a claim to relief that is plausible on its

face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949, (2009) (citing <u>Twombly</u>, 550 U.S. at 570). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing

<u>Twombly</u>, 550 U.S. at 556).

**III.    Plaintiff's Complaint Fails to Allege a Claim for Violation of His Civil Rights and Conspiracy**

Defendants moved to dismiss Plaintiff's claim arguing that Plaintiff fails to state a cause

of action on which relief can be granted.  Plaintiff asserts that he properly has pled a claim for a

civil rights violation under 42 U.S.C. § 1983 and conspiracy under 42 U.S.C. § 1985.  Plaintiff

argues Defendants have no claim on his property because the Oregon statute of limitations has

run.  He claims that by disregarding the statute of limitations under Or. Rev. Stat. § 12.140,[2]

Defendants have deprived him of his property interest in violation of 42 U.S.C. §§ 1983 and

1985.

Section 1983 provides a private right of action for deprivation of property when specific

elements are met.  42 U.S.C. § 1983.  At the threshold, a § 1983 claim must show (1) defendant

deprived plaintiff (2) of property (3) under the color of state law.  <u>Newman v. Sathyavaglswaran</u>,

287 F.3d 786, 789 (9th cir. 2002) (citing <u>Parratt v. Taylor</u>, 451 U.S. 527, 536-537, 101 S.Ct.

1908 (1986)  (overruled on other grounds)).  If the elements are met, then the court analyzes

whether the state provided an adequate process for depriving the property.  <u>Id.</u>

Construing the allegations in Plaintiff's favor, Plaintiff does not provide sufficient facts to

support a claim under § 1983.  Plaintiff seems to suggest that Defendants violated his rights

_____

[2] Or. Rev. Stat. § 12.140 states "[a]n action for any cause not otherwise provided for shall be commenced within 10 years."

REPORT & RECOMMENDATION  -  4

under § 1983 by enforcing an easement on his property. The facts do not show how Defendants deprived Plaintiff of property under the color of state law. Plaintiff states, "I told them of the limitation for this action, they disregard my claim, there disregard makes it a crime to willfully deprive a person of federal rights while acting under state law," but Plaintiff fails to connect how disregarding his claim deprives him of his property. (Compl. ¶ 7.) He also fails to show how Defendants acted in any way under the color of state law. Plaintiff has not alleged enough facts to support his § 1983 claim.

Section 1985(3) provides a private right of action for conspiracy to interfere with a person's civil rights. 42 U.S.C. § 1985(3). A party has an action for recovery of damages when "two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws[.]" Id. "A conspiracy under § 1985(3) is 'an agreement between two or more individuals to deprive a person of some protected right . . . .'" Ctr. for Legal Studies, Inc. v. Lindley, 64 F. Supp. 2d 970, 979 (D. Or. 1999) (quoting Rios v. Navarro, 766 F. Supp. 1158, 1162 (S.D. Fla.)), aff'd, 1 F.App'x 662 (9th Cir. 2001).

Plaintiff does not provide sufficient facts to suggest a claim under § 1985(3). Plaintiff alleges Meader and McKinney filed a claim to reform the deed on his property. He does not allege any facts to infer that there was an agreement between Meader and McKinney to deprive him of his rights. Two individuals filing a claim is not a conspiracy without an allegation that they conspired to deprive him of his rights. Further, since Plaintiff has not pled sufficient facts to suggest Defendants deprived him of his civil rights under § 1983, he has not done so under § 1985 either. Therefore, Plaintiff has not pled sufficient facts to support his § 1985 claim.

Taking all allegations of material fact as true and construing them in the light most favorable to the plaintiff, Plaintiff has not pled sufficient facts to support his claims of civil rights violation or conspiracy.

IV.    **The Court Declines to Address Defendants' Remaining Arguments as There Is No Claim**

Defendants raised multiple technical and substantive arguments in their Motion to Dismiss. Defendants argue Plaintiff failed to name the proper court in the complaint, comply with LR 3.6 requiring a Civil Cover Sheet, certify the case pursuant to 28 U.S.C. § 2403, request properly a jury trial under LR 38.1(a), state a time and place pursuant to Fed. R. Civ. P. 9(f), state damages, provide a proper caption under Fed. R. Civ. P. 10(a), and format properly the pleading under Fed. R. Civ. P. 10(b). (Mot. to Dismiss ¶¶ 1, 3, 4, 5, 9, 10, 11, 12.) The deficiencies are technical and unnecessary for the Motion to Dismiss analysis since the Plaintiff has not pled sufficient facts to sustain the motion to dismiss.

Defendants also argue that Plaintiff named the incorrect parties to the action. (Mot. to Dismiss ¶ 2.) Plaintiff's allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. When Plaintiff alleges that Meader and McKinney are responsible for depriving his federal rights, the Court takes this allegation as true for the purpose of this motion.

The court notes Defendants' argument that the Curry County Circuit Court judgment bars Plaintiff's claim in federal court. Defendants argue that even if concurrent jurisdiction existed between state and federal court, res judicata applies when the state court files the final judgment. (Mot. to Dismiss ¶ 7.) This court need not determine whether res judicata applies since the court

has already determined that Plaintiff failed to plead sufficient facts to sustain claims under §§ 1983 and 1985.

**V.      Recommendation**

The court recommends that Defendants' Motion to Dismiss (#3) be granted.

_This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals_. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. _Objections to this Report and Recommendation, if any, are due by July 23, 2009.  If objections are filed, any responses to the objections are due within 10 days, see_ Federal Rules of Civil Procedure 72 and 6. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___6___ day of July, 2009.

MARK D. CLARKE
United States Magistrate Judge