FILED'09 AUG 05 12:19 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| WILLIAM PATRICK, | ) | Civil No. 09-3006-CL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| ROGER MEADER OF COOS CURRY ELECTRIC & DAN McKINNEY, | ) ) | |
| | ) | |
| Defendants. | ) | |

**PANNER, Judge.**

Plaintiff William Patrick brings this action for alleged violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Defendants moved to dismiss. Their motion focused largely upon hyper-technical arguments instead of the important issue, namely, whether the Complaint states a claim for violation of §§ 1983 or 1985. Defendants also made assertions regarding a prior action, yet--according to the docket sheet--did not support those assertions with copies of the judgment and relevant documents from the earlier action.[1]

---

[1] More than three months after filing the motion to dismiss, Defendants tendered some documents. (Docket # 13). By then, the Magistrate Judge had issued his Report and Recommendation.

1 - ORDER

On July 6, 2009, Magistrate Judge Clarke filed his Report and Recommendation (docket # 12), which recommended dismissing this action. Plaintiff objects to the Report and Recommendation. The matter is now before me for de novo review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

An essential element of a § 1983 claim is that the defendant have acted under color of state law. The Complaint makes a conclusory statement that Defendants acted under color of state law, yet no facts were pled that could support this assertion. For instance, Plaintiff does not allege (nor is it apparent or even likely) that Coos-Curry Electric is a government entity such as a city or county or special district.

The present dispute appears to center around earlier litigation between Coos-Curry and Patrick. Ordinarily, litigation brought by a non-governmental entity is not action "under color of state law," even if that litigation was brought in a state court and state law forms the basis for a litigant's claim or defense. See, e.g., Gritchen v. Collier, 254 F.3d 807, 813-14 (9th Cir. 2001).

Furthermore, the Complaint alleges that Patrick was deprived of rights under state law, specifically, ORS 12.140 (a statute of limitations defense). As framed by the pleadings here, that is not a proper basis for a section 1983 claim. Indeed, it appears the injury asserted flows from a state court judgment. If Patrick disagreed with that judgment, the proper recourse was to timely file an appeal from that adverse decision.

/ / / /

2 - ORDER

Patrick's 42 U.S.C. § 1985 claim fails because a required element of this claim is that the plaintiff be a member of a "protected class" and the deprivation of civil rights have been motivated by animus toward that class. See <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971) ("The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.") Patrick does not claim to be a member of such class, or that Defendants' actions were motivated by animus toward the class. The facts stated in the Complaint, even liberally construed in favor of Patrick, cannot support the necessary inference.

It is clear from the record that this claim cannot be saved by amendment. Prolonging this action further would be futile.

Having considered the relevant factors and circumstances, the court declines to tax costs against Patrick.

### Conclusion

Magistrate Judge Clarke's Report and Recommendation (docket # 12) is adopted. This action is dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

DATED this ___5___ day of August, 2009.

/s/ Owen M. Panner
Owen M. Panner
United States District Judge

3 - ORDER